UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CEDRIC HARRINGTON, CHARLOTTE BRIGHAM, EDNA DIEUDONNE, SHERRY BENSON, SHIRLYN STARKS, GLENISHA DAVIS, JANELLA FLOWERS, and KASHANDA WEBB,<br><br>**Plaintiffs,**<br><br>v.<br><br>SOUTHWESTERN BELL TELEPHONE L.P., a/k/a AT&T COMMUNICATIONS OF TEXAS, LLC a/k/a AT&T SOUTHWEST, and AT&T SERVICES, INC.,<br><br>**Defendants.** | Case No. 5:20-CV-00770-JKP-RBF |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Defendants Southwestern Bell Telephone L.P. ("Southwestern Bell") and AT&T Services, Inc. ("AT&T") (together, "Defendants") submit this Response to Plaintiffs' Motion for Leave to Amend (Dkt. 20) in the above-captioned matter, and would respectfully show the Court as follows:

### INTRODUCTION

Plaintiffs are former opt-in plaintiffs in a decertified Fair Labor Standards Act ("FLSA") collective action previously filed in the United States District Court for the Northern District of Texas ("*Mosley-Lovings*").[1] They assert the same FLSA cause of action for alleged unpaid

---

[1] *Mosley-Lovings. v. AT&T Corp..*, No. 3:18-cv-01145-B (N.D. Tex.), decertified on Apr. 6, 2020 (Dkt. 178).

overtime that was alleged in *Mosley-Lovings*. Plaintiffs seek to amend their Complaint in this action to include a claim for breach of contract, arguing that the alleged failure to pay overtime violates the Collective Bargaining Agreement ("CBA") between Defendants and the Communication Workers of America (the "Union"). The proposed amended complaint (Dkt. 20-1) is fatally flawed: while Plaintiffs have attempted to add a claim for breach of the CBA between the Union and Defendants, they have failed to adequately plead exhaustion of the CBA's contractual dispute-resolution remedies or any exception thereto. These critical defects render the Court without jurisdiction to hear the proposed additional claim; therefore, the amendment would be futile and leave to amend should be denied. Because this is the second time that former opt-ins to the decertified *Mosley-Lovings* litigation have tried to bring such a defective claim in a pleading against these Defendants, as the Northern District's recent Order in *Salvatierra* shows, leave to amend should be denied with prejudice and no further amendment should be permitted.

## **STANDARD**

Federal Rule of Civil Procedure 15(a) governs amendments prior to trial.[2] While Rule 15(a)(2) provides that leave to amend should be freely granted where justice so requires, the district court should deny a motion for leave to amend if filing the amended complaint would be futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co*., 195 F.3d 765, 770 (5th Cir. 1999). For example, if the amended claim would be subject to dismissal, the court need not grant leave to amend. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014). In evaluating whether a proposed amendment is futile, the court should apply the same standard of legal sufficiency as

---

[2] Plaintiffs have suggested in their pleading that the amendment is as of right. The Scheduling Order (Dkt. 16) does not grant the right to amend but, instead, sets a deadline to file a motion for leave to amend, and the period for amendment as of right has expired under the Rules. Therefore, Defendants understand Plaintiffs' Motion as a Motion for Leave to Amend under Rule 15 of the Federal Rules of Civil Procedure.

applies to a motion to dismiss under Rule 12(b)(6). *Freilich v. Green Energy Res., Inc.*, 297 F.R.D. 277, 281 (W.D. Tex. 2014).

Under Rule 12(b)(6), the proposed claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard means that, although plaintiffs are not required to plead detailed factual allegations, they cannot prevail based on "naked assertion[s] devoid of 'further factual enhancement'" or by merely asserting conclusory allegations. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *De La Vega v. USAA Real Estate Co.*, No. 5-19-CV-00568-OLG-RBF, 2019 U.S. Dist. LEXIS 193669, at *10 (W.D. Tex. Nov. 7, 2019) (Farrer, M.J.) (granting Motion to Dismiss because plaintiff's pleading was insufficient under *Iqbal* and *Twombly*). Rather, Plaintiffs' allegations must include sufficient factual allegations to raise a right to relief above the speculative level. *Freilich*, 297 F.R.D. at 282; *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

In this case, Plaintiffs seek leave to amend to add a breach of contract claim premised on Defendants' alleged failure to pay Plaintiffs at the rates and in the manner prescribed by a CBA with the Union. Dkt. 20-1 ¶¶ 89-95 (Plaintiffs' Proposed Amended Complaint). The Court should deny Plaintiffs' motion for leave to amend, because Plaintiffs' proposed amendment does not meet the requisite standard for surviving a motion to dismiss and is, therefore, futile.

## ARGUMENT

1. **This Court Lacks Jurisdiction over Plaintiffs' Claim for Breach of the Collective Bargaining Agreement.**

The present attempt by the former opt-in plaintiffs of the decertified collective in the *Mosley-Lovings* litigation to assert a breach of contract claim against Defendants based on the CBA is not unique. In *Salvatierra v. Southwestern Bell Telephone, L.P.*, No. 3:19-cv-02624-X

(N.D. Tex. Nov. 4, 2019) ("*Salvatierra*"), an action currently pending before the Honorable Judge Brantley Starr in the United States District Court for the Northern District of Texas, two former *Mosley-Lovings* opt-in plaintiffs brought a lawsuit against the same Defendants alleging (just as here) that Defendants failed to properly compensate them for overtime under the FLSA. Those plaintiffs, represented by the same counsel, also alleged a breach of contract predicated on the same CBA between the same Union and the same Defendants. *Salvatierra*, Dkt. 1 at ¶¶ 86-109. In that case, Defendants moved to dismiss the breach of contract claim because the court lacked jurisdiction, and in the alternative because the claim is preempted. *Salvatierra*, Dkt. 6. Critically, the claim that was the subject of the *Salvatierra* Defendants' motion to dismiss shares all but two paragraphs in common with the proposed claim Plaintiffs seek to add here.

In a well-reasoned opinion, Judge Starr correctly dismissed the *Salvatierra* claim for lack of subject matter jurisdiction, holding that the plaintiffs failed to plausibly show that they had exhausted the exclusive dispute-resolution contractual remedies provided in the CBA, or that they fall within one of three narrow exceptions. *Salvatierra*, Dkt. 20 [Exhibit A].[3] In *Salvatierra*, the court initially held that it would treat the plaintiffs' breach of contract cause of action as a claim under Section 301 of the Labor Management Relations Act ("LMRA"). *Id.*, Dkt. 20 pg. 3. The court then confirmed that when CBAs "provide for grievance and arbitration procedures, they 'must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute.'" *Id.*, Dkt. 20 pg. 3-4 (quoting *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 226 (5th Cir. 2017)). And the court noted that if employees attempting to bring a Section 301 claim have not exhausted these contractual

---

[3] The *Salvatierra* Order is also available at 2020 U.S. Dist. LEXIS 175119.

procedures for redress or pleaded an exception thereto, the court lacks subject matter jurisdiction. *Id.*, Dkt. 20 pg. 4.

In *Salvatierra*, the plaintiffs did not allege they had exhausted the CBA's procedures for redress, nor did they allege that any exception to exhaustion applied. Rather, the plaintiffs argued that the CBA provisions were not exclusive. *Id.*, Dkt. 20 pg. 5. The court, however, analyzed the CBA terms—the same CBA that covers the Plaintiffs in this case—and easily concluded that the CBA's dispute-resolution procedure was exclusive. *Id.*, Dkt. 20 pg. 8. Therefore, the court found that it did not have subject matter jurisdiction over the dispute. *Id.*

In apparent response to the *Salvatierra* dismissal, in this case, Plaintiffs have expanded their *Salvatierra* allegations to include conclusory statements about exhaustion and conclusory statements about the Union and management that may be efforts to remold their claim to fit within an exhaustion exception. *See* Dkt. 20-1 ¶¶ 96-97. These few sentences, however, do not remedy the defects Judge Starr correctly identified, and the same result in *Salvatierra* would obtain here. Because the proposed amendment is subject to dismissal, allowing amendment would be futile and Plaintiffs' Motion for Leave should be denied.

2. **Plaintiffs' Attempts to Circumvent Judge Starr's Reasoning in *Salvatierra* are Unavailing.**

a. <u>Plaintiffs Have Not Adequately Pleaded Exhaustion</u>

As noted above, in the Fifth Circuit, federal courts lack subject matter jurisdiction "to decide cases alleging violations of a collective bargaining agreement . . . by an employee against his employer unless the employee has exhausted contractual procedures for redress." *NFL Players Ass'n*, 874 F.3d at 226 (quoting *Meredith v. La. Fed'n of Teachers*, 209 F.3d 398, 402 (5th Cir. 2000)). Here, Plaintiffs' Amended Complaint fails to adequately plead exhaustion.

Plaintiffs' proposed amendment generally concludes that Plaintiffs "have exhausted any grievance procedures" by "attempting to initiate their grievance…to no avail." Dkt. 20-1 ¶ 96. The only other detail about this alleged grievance or its exhaustion is the allegation that Mr. Harrington "presented a written grievance to the Communications of America [sic]." Dkt. 20-1 ¶ 97.[4] Under *Iqbal* and *Twombly*, these conclusory allegations fail to show the Section 301 claim is plausible. *Iqbal*, 556 U.S. at 678-679. These allegations do not plead facts that raise their entitlement to relief above the speculative level. *Twombly*, 550 U.S. at 555. For example, Plaintiffs' conclusory statement fails to identify the date of any alleged attempt(s) to initiate a grievance, the identity of any person to whom the grievance was purportedly raised, how the grievance was raised, the specific contents of the grievance or how this unspecific grievance amounted to an exhaustion of remedies. Even more significantly, other than concluding that plaintiffs merely *attempted* "to initiate their grievance," there is no discussion of how this unexplained attempt amounts to an exhaustion of the CBA's grievance procedures. *See, e.g., Jay v. SEIU*, 203 F. Supp. 3d 1024, 1041 (C.D. Cal. 2016) (applying *Iqbal* and *Twombly*, holding that one plaintiff's "assertion that she has exhausted all remedies is too conclusory because she merely asserts that she exhausted the remedies without explaining the steps she has taken to date"). Plaintiffs' new claim does not rise to the requisite standard under *Iqbal and Twombly* and therefore leave to amend should be denied.

    b. <u>Plaintiffs Have Not Adequately Pleaded an Exception to Exhaustion</u>

If the cursory additions to the failed *Salvatierra* cause of action in Plaintiffs' proposed Amended Complaint are intended for Plaintiffs to place themselves within an exception to the

---

[4] Plaintiffs refer to "Communications of America" in their proposed amendment. *See, e.g.,* Dkt. 20-1 ¶ 97. Defendants understand this to refer to the Communication Workers of America, which is the bargaining representative of the Plaintiffs. *See* Dkt. 20-2 (Collective Bargaining Agreement).

exhaustion requirement, this attempt likewise fails. "There are three exceptions to the exhaustion requirement: (1) the union wrongfully refuses to process the employee's grievance, thus violating its duty of fair representation; (2) the employer's conduct amounts to a repudiation of the remedial procedures specified in the contract; or (3) exhaustion of contractual remedies would be futile because the aggrieved employee would have to submit his claim to a group which is in large part chosen by the employer and union against whom his real complaint is made." *NFL Players Ass'n*, 874 F.3d at 228 (quoting *Rabalais v. Dresser Indus., Inc.*, 566 F.2d 518, 519 (5th Cir. 1978) (internal citation omitted)).[5]

For the first exception, the duty of fair representation is breached "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *United Steelworkers of America v. Rawson*, 495 U.S. 362, 372 (1990). Merely being negligent, having bad judgment, or otherwise imperfectly carrying out its representative role do not make a union's conduct a breach of the duty of fair representation. *Landry v. Cooper/T. Smith Stevedoring Co.*, 880 F.2d 846, 852 (5th Cir. 1989). Vague and conclusory allegations or simply restating the legal elements of a claim do not carry a plaintiff's burden. *Moore v. Potter*, 275 F. App'x 405, 409 (5th Cir. 2008) (affirming dismissal because pleading failed to state a claim that the union's actions were arbitrary, discriminatory, or in bad faith).

While Plaintiffs conclude that the Union "breached its duty of fair representation," Plaintiffs' proposed amendment is devoid of any allegation as to how such a breach may have occurred. Specifically, Plaintiffs plead no facts about how the alleged failure to proceed with a grievance was arbitrary, discriminatory or in bad faith. Merely stating a legal conclusion (that a

---

[5] Plaintiffs have made no allegation regarding the third futility exception and, as discussed herein, their conclusory additions are legally insufficient to state a claim for either of the first two exceptions.

breach of the Union's duty occurred) is insufficient. In the *Moore* case, for example, where the plaintiff offered only "vague references to legal standards" and pointed to a few factual alleged "improprieties" in the grievance handling process, the paucity of facts and conclusory statements did not meet plaintiff's burden and the claim was dismissed. *Moore v. United States Postal Serv.*, No. H-06-1611, 2007 U.S. Dist. LEXIS 99286, at *8-9 (S. D. Tex. July 30, 2007), *aff'd sub nom. Moore v. Potter*, 275 F. App'x 405 (5th Cir. 2008). Here, Plaintiffs offer <u>no</u> facts about the Union's alleged conduct, which plainly does not carry their burden.

Plaintiffs have similarly failed to adequately plead that Defendants engaged in conduct that amounted to repudiation of the CBA's procedures for purposes of fitting within the second exhaustion exception. Plaintiffs allege that the Union "has failed to proceed with the grievance." Dkt. 20-1 ¶ 96. Yet, in a possible attempt to argue the repudiation exception, they contradictorily also allege that "management has failed to respond to the grievance." Dkt. 20-1 ¶ 96. It is unclear how management could have failed to respond to a grievance that Plaintiffs state was never raised, but, no matter what, an allegation that management failed to respond to a grievance falls well short of the requirement that Plaintiffs plead sufficient facts to make the repudiation exception plausible. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *compare Teamsters Local Union No. 5 v. Agway Sys.*, Nos. 14-731-JWD-RLB, 15-39-JWD-RLB, 2015 U.S. Dist. LEXIS 154441, at *17 (M.D. La. Nov. 13, 2015) (analyzing allegations of repudiation exception applicability to assess sufficiency under Rule 12(b)(6) and *Twombly*). Because Plaintiffs have not sufficiently pleaded either exhaustion or any exception to the exhaustion requirement, their proposed amendment is futile, and leave to amend should be denied.

### 3. In the Alternative, Plaintiffs' Breach of Contract Claim is Preempted.

Based on the Plaintiffs' pleading, which recites that the agreement between the parties is governed by the Labor Management Relations Act ("LMRA"), Dkt. 20-1 ¶ 96 as well as the

position taken in Response to the Motion to Dismiss in *Salvatierra* (Dkt. 12), Defendants assume that Plaintiffs' proposed "breach of contract" cause of action is intended as a claim under Section 301 of the LMRA. To the extent Plaintiffs are asserting a breach of contract claim under state law rather than the LMRA, the claim is preempted and must be dismissed on that basis. *Parham v. Carrier Corp.*, 9 F.3d 383, 390 (5th Cir. 1993) ("State law causes of action for violation of a collective bargaining agreement—essentially breach of contract claims—are entirely displaced by section 301" of the LMRA); *Woodcock v. Marathon Petroleum Co., LP*, No. 3:18-CV-00192, 2019 U.S. Dist. LEXIS 66447, at *6-7 (S.D. Tex. Mar. 29, 2019), *report and recommendation adopted*, No. 3:18-CV-00192, 2019 U.S. Dist. LEXIS 65488 (S.D. Tex. Apr. 17, 2019) ("Because a trier of fact would have to determine whether [the employer] violated the CBA in order to find a breach of contract in this case, [the employee's] breach of contract claim is automatically preempted."); *accord Franchise Tax Bd. Constr. v. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983) ("[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'").

### 4. Plaintiffs' Motion for Leave to Amend Should be Denied with Prejudice.

To the extent that Plaintiffs ask the Court for additional time to remedy their pleading defects, this request should be denied. As discussed previously, this proposed amendment is not the first time decertified *Mosley-Lovings* opt-in plaintiffs and the same attorneys who represent them have attempted to allege breach of contract based on the same CBA. In fact, a nearly identical breach of contract cause of action was asserted, and dismissed, in *Salvatierra*. And even though Plaintiffs filed their proposed amendment in this case with the benefit of Judge Starr's guidance in *Salvatierra,* they have still failed to remedy the jurisdictional defects Judge Starr identified. Recognizing that these defects could not be cured, Judge Starr denied a request to amend the

---
**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**     **PAGE 9**

defective pleading in *Salvatierra*. Here, too, further attempts to amend would be pointless,[6] and, therefore, the motion for leave to amend to assert breach of contract should be denied with prejudice.

## CONCLUSION

For all the foregoing reasons, Defendants pray that the Court will deny Plaintiffs' Motion for Leave to Amend with prejudice, deny any further request for leave to amend, and grant any further relief to which Defendants are entitled.

---

[6] On November 5, 2020, Plaintiffs served responses to Defendants' First Set of Requests for Production that underscore the uselessness of further amendment. In response to a request for production of "all complaints or documents relating to complaints" that Defendants allegedly received from Plaintiffs regarding Defendants "failure to properly compensate them for all hours worked," Plaintiffs confirmed that they had "no responsive documents in their possession or control." *See, e.g.,* Exhibit B, Plaintiff Cedric Harrington's Resp. to Defs' First Set of RFPs at RFP 27, pg. 8.

Dated: November 6, 2020

Respectfully submitted,

**HAYNES AND BOONE, LLP**

*/s/ Laura E. O'Donnell*
Laura E. O'Donnell
Texas State Bar No. 00797477
Jennifer Beth Ingram
Texas State Bar No. 24038972
Paloma Ahmadi
Texas State Bar No. 24088714
112 East Pecan Street, Suite 1200
San Antonio, Texas 78205
Telephone: (210) 978-7421
Facsimile: (210) 554-0421
laura.odonnell@haynesboone.com
jennifer.ingram@haynesboone.com
paloma.ahmadi@haynesboone.com

Melissa M. Goodman
Texas State Bar No. 00790648
Haynes and Boone, LLP
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
melissa.goodman@haynesboone.com

**COUNSEL FOR DEFENDANTS SOUTHWESTERN BELL TELEPHONE L.P. AND AT&T SERVICES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on November 6, 2020, I served the foregoing Response upon all parties and/or counsel of record, through the Court's CM/ECF system which will send a notice of electronic filing to counsel of record, as follows:

Glen J. Dunn, Jr.
GLEN J. DUNN & ASSOCIATES, LTD.
gdunn@gjdlaw.com

J. Derek Braziel
Travis Gasper
BRAZIEL DIXON, LLP
jdbraziel@l-b-law.com
gasper@l-b-law.com

Jeffrey Grant Brown
*Admission Pro Hac Vice Pending*
Jeffrey Grant Brown, P.C.
jeff@JGBrownlaw.com

**COUNSEL FOR PLAINTIFFS**

*/s/ Paloma Z. Ahmadi*
Paloma Z. Ahmadi