UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CEDRIC HARRINGTON, CHARLOTTE BRIGHAM, EDNA DIEUDONNE, SHERRY BENSON, SHIRLYN STARKS, GLENISHA DAVIS, JANELLA FLOWERS, and KASHANDA WEBB,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHWESTERN BELL TELEPHONE L.P., a/k/a AT&T COMMUNICATIONS OF TEXAS, LLC a/k/a AT&T SOUTHWEST, and AT&T SERVICES, INC.,<br><br>Defendants. | Case No. 5:20-CV-00770-JKP-RBF |

## DEFENDANTS' MOTION FOR ATTORNEYS' FEE AWARD

Pursuant to the Court's December 2, 2020 Order (Dkt. No. 27), Federal Rule of Civil Procedure 16(f)(2), and the Court's inherent authority, Defendants Southwestern Bell Telephone L.P. ("Southwestern Bell") and AT&T Services, Inc. ("AT&T") (together, "Defendants") submit this Motion for an Award of Attorneys' Fees in the above-captioned matter and respectfully show the Court as follows:

### SUMMARY

The Court set a hearing on Plaintiffs' Motion for Leave to File Amended Complaint. *See* Dkt. No. 25. The Court's ECF system sent notice of this hearing to 10 different e-mail addresses for 3 different attorneys for Plaintiffs, and the Court Order setting the hearing was placed on the

public docket. Nonetheless, Plaintiffs' counsel failed to attend the hearing. They have offered no substantial justification for this omission. Moreover, this failure followed their reliance on a bare-bones motion and a reply brief that claimed Plaintiffs had a response, but failed to provide any, to Defendants' sound arguments for denial of their motion. And even after their inadequate briefing and hearing non-attendance, Plaintiffs filed an Advisory with the Court that contained statements that were either impliedly or actually inaccurate. *See* Dkt. No. 28. Defense counsel spent the necessary time to fully brief its opposition to Plaintiffs' motion, to prepare for and attend the scheduled hearing on this motion, and to clarify the potentially misleading statements in Plaintiffs' Advisory. This time and the rates charged to Defendants for this time are reasonable and were necessary considering the questions in this case, the time required, the relevant legal skill, and the qualifications of the attorneys involved, as well as the customary fees for defending cases such as this one. The Court should order Plaintiffs' counsel to pay these reasonable and necessary attorneys' fees, set forth in the attached and incorporated Declaration of Laura E. O'Donnell, to Defendants. *See* Exhibit A (filed under seal).

## BACKGROUND

1. On October 30, 2020, Plaintiffs filed their Motion for Leave to File Amended Complaint, seeking leave to add a breach of contract claim that was substantially the same as one that had been previously dismissed for lack of jurisdiction in the related case of *Salvatierra v. Southwestern Bell Telephone, L.P.*, No. 3:19-cv-02624-X (N.D. Tex. Nov. 4, 2019) ("*Salvatierra*"). *See* Dkt. No. 20.

2. On November 6, 2020, Defendants timely filed their Response to Plaintiffs' Motion for Leave to Amend, alerting the Court to *Salvatierra* and presenting substantive arguments

supporting denial of Plaintiffs' Motion, because the proposed amendment would be futile, and the Court was without jurisdiction over the proposed breach of contract claim. *See* Dkt. No. 23.

3. On November 13, 2020, Plaintiffs filed their Reply in Support of Motion to File Amended Complaint ("Reply"). *See* Dkt. No. 24. In this Reply, Plaintiffs argued that, despite the language in Federal Rule of Civil Procedure 15, the Court should permit their amendment as a matter of right, because it was filed by the deadline to file motions for leave to amend the pleadings in the Court's Scheduling Order, Dkt. No. 16. Plaintiffs did not respond to Defendants' substantive argument, claiming they were "prepared" to do so but that they did not have sufficient space based on the page limitation in the Western District of Texas Local Rules. Plaintiffs did not, however, confer with defense counsel or file a motion asking to exceed the page limit.

4. On November 18, 2020, the Court issued an Order that set this case for a hearing on December 2, 2020 at 11:00 a.m. *See* Dkt. No. 25. The Court's Order stated: "The parties must call-in at least 5 minutes before the start of the hearing . . .." *Id.* The Order further explained: "The parties should be prepared to argue Plaintiffs' Motion for Leave to File Amended Complaint, *see* Dkt. No. 20, at the hearing." *Id.* That Order was entered on the public docket and sent through the Court's ECF system to 10 different e-mail addresses attached to counsel for Plaintiffs.

5. On December 2, 2020, defense counsel called into the hearing more than 5 minutes prior to the scheduled 11:00 a.m. start. At approximately nine minutes after the 11:00 a.m. setting, the Court called the case for hearing. Defense counsel announced herself. Plaintiffs' counsel did not appear for the duly-noticed hearing.

6. On December 2, 2020, the Court entered an Order striking Plaintiff's Motion "as a sanction for Plaintiffs' failure to comply with a Court Order and failure to appear at a scheduled hearing." *See* Dkt. No. 27. In that Order, the Court invited Defendants to file this motion and

proof to support a request for "an award of reasonable attorney's fees under Rule 16(f)(2) in connection with responding to the motion and attending the hearing . . .." *Id.*

7. After the Court's Order, Plaintiffs filed their Advisory in Response to this Court's Order of December 2, 2020, Doc #26 ("Advisory"). *See* Dkt. No. 28. In that Advisory, after acknowledging that the Court had set Plaintiffs' motion for telephonic hearing on December 2, 2020 at 11:00 a.m. and admitting that they "failed to properly docket this Court's Order, Doc. #25, and did not appear at 11:00 AM on December 2, 2020," Plaintiffs represented to the Court that "[a]t 11:00 AM, two of Plaintiffs' counsel (Mr. Dunn and Mr. Brown) were finishing a previously-scheduled telephone conference with counsel for AT&T regarding this and all other cases filed by Plaintiffs' counsel and arising from the decertification of *Mosley, et al v. AT&T Services, Inc. at al.*" *See* Dkt. 28.

5. Because this otherwise unnecessary statement suggested that counsel in *this* case had pre-scheduled a conference call with defense counsel at the same time as the scheduled hearing and was still on the phone with counsel when the hearing started, Defendants were compelled to clarify the Advisory. *See* Dkt. No. 30. Thus, Defendants filed a Response to the Advisory that confirmed that AT&T's counsel in this case did not have a call with Plaintiffs' counsel on the day of the hearing and, further, to provide evidence that, although Plaintiffs' counsel had an earlier call with separate counsel for AT&T in the *Mosley-Lovings* case, that call ended well before the scheduled 11:00 a.m. telephone hearing. *Id*.

## ARGUMENT

Federal Rule of Civil Procedure 16(a) provides that the Court may order the attorneys to appear for one or more pretrial hearings. FED. R. CIV. P. 16(a). Rule 16(f)(1) provides that the Court may award sanctions, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), which

specifically authorizes striking of pleadings, if a party or its attorney fails to appear at a pretrial conference. FED. R. CIV. P. 16(f)(1). In accordance with that Rule, the Court struck Plaintiffs' Motion for Leave to Amend Pleadings as a sanction for failing to attend the duly noticed hearing on that motion. Rule 16(f)(2) further provides: "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of the noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(2).

In this case, Plaintiffs filed a Motion for Leave to Amend Pleadings, asking the Court to authorize an amendment to assert a breach of contract case that, except for two short added paragraphs, was the same as one that the same attorneys asserted in *Salvatierra*. Although the *Salvatierra* court had just held that it lacked jurisdiction over this claim, Plaintiffs' Motion failed to mention this important and highly relevant ruling. Indeed, the 4 paragraph Motion lacked any substantial argument for why leave should be granted. Nonetheless, Defendants spent the time and incurred the attorneys' fees necessary to provide a fulsome response to the motion, notifying the Court of the relevant *Salvatierra* decision and explaining why the proposed amendment was futile and the Court lacked jurisdiction. *See* Dkt. No. 23. Plaintiffs' subsequent Reply brief failed to address these arguments. *See* Dkt. No. 24. Rather, Plaintiffs made a non-sensical argument that they had a right to amend their Complaint and further asserted that while they were "prepared" to respond to Defendants' arguments, they did not have enough pages in which to do so.

With the cursory Motion and the non-responsive Reply brief, the Court would have been justified to simply deny the motion outright. However, the Court set the Motion for hearing on December 2, 2020. Plaintiffs in this case are represented by 4 separate counsel, 3 of whom receive

ECF notices. Lead counsel for Plaintiffs, Glen J. Dunn, Jr.'s notices are directed not only to himself but also to 4 additional e-mail addresses connected to his firm. In total, the Court's Order and notice of the hearing was sent to 10 different e-mail addresses for Plaintiffs' counsel.

Yet, Plaintiffs' counsel did not appear. The only apparent reason for the lack of appearance, despite notice, was a failure by all 10 of the recipients of the ECF notice to properly docket the Court's Order. *See* Dkt. No. 28. This failure, particularly when coupled with the 10 different e-mail addresses that received notice, does not "substantially" justify counsel for Plaintiffs' failure to appear. Moreover, Plaintiffs' "lackadaisical approach" to their motion briefing and this Court's Orders "is detrimental to the administration of justice." *See, e.g., Smith West Texas Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, No. MO:cv-137-DC, 2020 WL 6365535, at *3 (W.D. Texas April 27, 2020). As set forth in the attached Declaration of Laura E. O'Donnell, Defendants incurred attorneys' fees both in connection with their Response to Plaintiff's motion and in preparing for the duly-noticed hearing that Plaintiffs' counsel failed to attend. *See* Ex. A (filed under seal). The amount of time spent on the Response and preparing for the hearing and the rates charged by defense counsel are reasonable, considering the questions in this case, the time required, the relevant legal skill, and the qualifications of the attorneys involved, as well as the customary fees for defending cases such as this one. *See* Ex. A.

Moreover, even after the Court's Order, Plaintiffs' counsel submitted additional briefing to the Court that, if not corrected, could have misled the Court into believing that defense counsel for this case was actually on the phone with counsel for Plaintiffs' counsel when the hearing was scheduled to begin. Specifically, Plaintiffs' counsel filed an Advisory with the Court, claiming that Plaintiffs' counsel was "wrapping up" a call with counsel for AT&T regarding this and other cases at 11:00 a.m. This Advisory did not name the "counsel for AT&T" whom they claimed was

on this call. Rather, by referring to "this case" and "AT&T's counsel," the Advisory suggested that counsel for this case was involved in some sort of pre-arranged call. This was not true. AT&T's counsel for this case, Haynes and Boone, LLP, did not have a call with Plaintiffs' counsel, scheduled or otherwise, on December 2, 2020, the date of the hearing. Perhaps even more significantly, however, unless there is another call about which Defendants are unaware, although Plaintiffs' counsel had been on an earlier call with a different attorney for AT&T, that call *ended at 10:38 a.m. See* Dkt. No. 30. The claim that a call was "wrapping up at 11:00 a.m." when the hearing was scheduled to begin is not true.

Defendants have incurred additional attorneys' fees to respond to the Advisory. These fees were incurred because counsel for Plaintiffs filed an Advisory attempting to justify their non-attendance that required Defendants to correct potentially misleading statements. Therefore, the Court should also award the attorneys' fees associated with defense counsel's reasonable and necessary time and fees incurred responding to the Advisory. *See* Ex. A.

For all the foregoing reasons, Defendants pray that the Court grant this Motion for Attorneys' Fee Award, find that the time and fees described in the Declaration of Laura E. O'Donnell are reasonable and necessary, award Defendants $24,120.00 in reasonable and necessary attorneys' fees, and award such other and further relief to which Defendants are entitled.

Dated: December 9, 2020

Respectfully submitted,

**HAYNES AND BOONE, LLP**

*/s/ Laura E. O'Donnell*
Laura E. O'Donnell
Texas State Bar No. 00797477
Jennifer Beth Ingram
Texas State Bar No. 24038972
Paloma Ahmadi
Texas State Bar No. 24088714
112 East Pecan Street, Suite 1200
San Antonio, Texas 78205
Telephone: (210) 978-7421
Facsimile: (210) 554-0421
laura.odonnell@haynesboone.com
jennifer.ingram@haynesboone.com
paloma.ahmadi@haynesboone.com

Melissa M. Goodman
Texas State Bar No. 00790648
Haynes and Boone, LLP
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
melissa.goodman@haynesboone.com

**COUNSEL FOR DEFENDANTS SOUTHWESTERN BELL TELEPHONE L.P. AND AT&T SERVICES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on December 9, 2020, I served the foregoing Motion upon all parties and/or counsel of record, through the Court's CM/ECF system which will send a notice of electronic filing to counsel of record, as follows:

Glen J. Dunn, Jr.
GLEN J. DUNN & ASSOCIATES, LTD.
gdunn@gjdlaw.com

J. Derek Braziel
Travis Gasper
BRAZIEL DIXON, LLP
jdbraziel@l-b-law.com
gasper@l-b-law.com

Jeffrey Grant Brown
*Admission Pro Hac Vice Pending*
Jeffrey Grant Brown, P.C.
jeff@JGBrownlaw.com

**COUNSEL FOR PLAINTIFFS**

                                              */s/ Laura E. O'Donnell*
                                              Laura E. O'Donnell