UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CEDRIC HARRINGTON, CHARLOTTE BRIGHAM, EDNA DIEUDONNE, SHERRY BENSON, SHIRLYN STARKS, GLENISHA DAVIS, JANELLA FLOWERS, and KASHANDA WEBB,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHWESTERN BELL TELEPHONE L.P., a/k/a AT&T COMMUNICATIONS OF TEXAS, LLC, a/k/a AT&T SOUTHWEST; and AT&T SERVICES, INC.,<br><br>Defendants. | NO. 5:20-cv-00770-JKP-RBF |

**PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANTS' MOTION
FOR LEAVE TO FILE UNDER SEAL**

Defendants have provided Plaintiffs' counsel with their sealed "Exhibit A", the Declaration of Laura E. O'Donnell, one of Defendants' counsel, in connection with Defendants' Motion For Leave To File Under Seal, to support Defendants' Motion For Attorney's Fee Award, Dkt. No. 31.

The document, a declaration of lead counsel for Defendants, is marked by Defendants as Attorneys' Eyes Only. Defendants submit that it has been made pursuant to the Protective Order entered in this case [See Dkt. No. 18], and contains highly confidential information related to both Defendants and Defendants' counsel.

Rule CV 5.2 of the Local Rules of this Court provides that motions to keep pleadings, motions, or other submissions requesting or opposing relief from the court under seal are disfavored; and that the court expects parties to draft such submissions in a manner that does not disclose confidential information. CV 5.2(b).

The protective order entered in this case provides that "A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential", Confidentiality And Protective Order, Dkt. No. 18, p. 3, ¶ 3 b.

It provides further that "Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties." *Id*.

It provides further that "The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, nonpublic financial information, pricing information, customer identification data, and certain study methodologies. *Id*., ¶ 3 c.

The protective order specifically excludes information that is in the public domain. Order, ¶ 3.

Defendants' sole explanation for the filing under seal of Defendants' counsel's twenty-two page Exhibit A, as set forth in its sealing motion, is that the Exhibit "contains highly confidential information related to both Defendants and Defendants' counsel." Dkt. No. 32, p. 1.

The first 4 1/2 pages of Defendant's Counsel's Exhibit A consist of a portion of a Declaration from one of Defendants' counsel, setting forth her and two of her colleague's backgrounds, her billing rates, the basis for her statement that their rates are comparable to other large law firms, and an explanation that they performed work in response to Plaintiff's motion for leave to file an amended Complaint.

None of that information appears to be "unknown to the opposing party or parties", or otherwise confidential, since it is on its face based upon her experience and upon various industry and ABA related groups, which by definition means it is information in the public realm; and describes and is based upon Defendants' Response to Plaintiffs' Motion for Leave to Amend (Dkt. No. 23), a document that Defendants filed without restriction in response to a document Plaintiffs drafted and which is likewise not confidential.

In Texas, "the attorney-client privilege does not encompass such non-confidential matters as the terms and conditions of an attorney's employment, the purpose for which an attorney has been engaged, or any of the other external trappings of the relationship between the parties." *Lee v. Tricentury Corp.*, 2011 U.S. Dist. LEXIS 171068, at *15 (E.D. Tex. Jan. 27, 2011) citing *Duval Cty. Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627, 634 (Tex. App. — Amarillo 1983, writ ref'd n.r.e.).

The following two pages of the exhibit set forth Defendants Counsel's "summary" of the time incurred by each of the three attorneys who worked on the Response, the work of attending the publicly-accessible hearing on Plaintiffs' motion; and responding to the "Advisory" subsequently filed by Plaintiffs at the Court's request, Dkt. No. 28. Those pages reflect not time records, but "summaries" that "are based on" time entries reflecting the work performed by three of Defendants' lawyers that have not yet been billed to their clients. Exhibit A, ¶ 9.

The remaining page and a half of the Declaration further describes Plaintiffs' motion; and the Declaration concludes by explicitly acknowledging that the attorney-client privilege and the confidentiality of work product in the two pages of billing records was preserved in the two pages of records, by removing information "that would reflect the content of communications or strategy." The information does not, therefore appear to be privileged or confidential.

We nonetheless recognize decisions in this Circuit holding that "legal billing statements are privileged material *when they contain confidential legal information.*" *Lee v. Tricentury Corp.*, 2011 U.S. Dist. LEXIS 171068, at *15 (E.D. Tex. Jan. 27, 2011)(*emphasis supplied*), citing *Hill v. Hunt*, 2008 WL 4108120 at *7 (N.D. Tex. Sept. 4, 2008); and *Chaudry v. Gallerizzo,* 174 F.3d 394, 402-03 (4th Cir. 1999) (where billing statements that contained information regarding the advice sought and legal issues researched were confidential).

Defendants apparently also seek to seal the remaining pages attached to the Declaration as exhibits as well, though they are not marked "Attorney's Eyes Only". They are instead either exhibit labels, a proposed order granting the motion to seal, or marketing materials of

Defense counsel and their law firm. None of that information is confidential. The marketing material, containing information about each attorney's background and experience, is not confidential but is instead available to the public on Defendants' counsels' firm website, and is at least in part *verbatim* the same information reflected there as in the marketing materials Defendants seek to file under seal. See, *e.g.*, https://www.haynesboone.com/people/o/odonnell-laura; https://www.haynesboone.com/people/a/ahmadi-paloma; https://www.haynesboone.com/people/i/ingram-jennifer.

For these reasons, Plaintiffs object to the sealing of Exhibit A. Plaintiffs therefore request that the Court reject Defendants' application to file Exhibit A, Dkt. No. 31-1, under seal; or, alternatively, to restrict through redaction only that portion of the Exhibit that reflects Defendants' billing records and which the Court deems privileged or confidential; and for any other relief the Court deems appropriate.

December 11, 2020

Respectfully submitted,

*/s/ Glen J. Dunn, Jr.*
GLEN J. DUNN, JR.

| | |
|---|---|
| **GLEN J. DUNN, JR.**<br>Illinois Bar No. 6274852<br>GDunn@GJDlaw.com<br>**Glen J. Dunn & Associates, Ltd.**<br>121 West Wacker Drive, Suite 1414<br>Chicago, IL 60601<br>Tel: 312.546.5056<br>Fax: 312.546.5058<br><br>**JEFFREY GRANT BROWN**<br>Illinois Bar No. 6194262<br>jeff@JGBrownlaw.com<br>**Jeffrey Grant Brown, P.C.**<br>65 West Jackson Blvd., Suite 107<br>Chicago, IL 60604<br>Tel: 312.789.9700 | **J. DEREK BRAZIEL**<br>**T**exas Bar No. 00793380<br>jdbraziel@l-b-law.com<br>**BRAZIEL DIXON, LLP**<br>1910 Pacific Ave.<br>Suite 12000 – Box 220<br>Dallas, Texas 75201<br>(214) 749-1400 phone<br>(214) 749-1010 fax<br>www.overtimelawyer.com<br><br>**ATTORNEYS FOR PLAINTIFFS** |