UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CEDRIC HARRINGTON, CHARLOTTE BRIGHAM, EDNA DIEUDONNE, SHERRY BENSON, SHIRLYN STARKS, GLENISHA DAVIS, JANELLA FLOWERS, and KASHANDA WEBB,<br><br>**Plaintiffs,**<br><br>v.<br><br>SOUTHWESTERN BELL TELEPHONE L.P., a/k/a AT&T COMMUNICATIONS OF TEXAS, LLC a/k/a AT&T SOUTHWEST, and AT&T SERVICES, INC.,<br><br>**Defendants.** | Case No. 5:20-CV-00770-JKP-RBF |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE UNDER SEAL**

Defendants Southwestern Bell Telephone L.P. and AT&T Services, Inc. (together, "Defendants") file this, their Reply in Support of their Motion for Leave to File Under Seal, Dkt. No. 32, and respectfully request the Court grant them leave to file Exhibit A attached to Defendants' Motion for Attorneys' Fee Award, Dkt. No. 31, under seal.

### FILING UNDER SEAL IS APPROPRIATE

Plaintiffs' Response in Opposition to Defendants' Motion for Leave to File Under Seal argues that a Declaration setting forth billing rates and billing information is not subject to any

type of protection because it is not both privileged and confidential.[1]  *See* Dkt No. 33.  Defendants seek to file the declaration of their lead counsel, Laura E. O'Donnell, under seal in light of the highly confidential attorney fee and billing information contained in the declaration.  The Court entered a Protective Order in this case that permits the designation of classified information as Confidential or Attorneys' Eyes Only, specifically identifying "pricing information" as properly subject to an Attorneys' Eyes Only designation.  *See* Dkt. No. 18 at 4.  Because Ms. O'Donnell's declaration contains billing rates, billing descriptions and fee information for defense counsel in this matter, the declaration was properly marked as Attorneys' Eyes Only under the Protective Order.

Plaintiffs do not dispute that the declaration contains billing and fee information.  Rather, they seem to argue that information must be *both* privileged *and* highly confidential to be subject to filing under seal.  This is simply incorrect.  The Protective Order states "[t]he clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court."  *See* Dkt. No. 18 at 8-9.  Defendants did not and do not claim that the declaration contains privileged information, stating in the declaration itself that information was removed from the billing summaries to "preserve the attorney-client privilege and the confidentiality of work product."  Exhibit A at 7.

---

[1] Notably, Plaintiffs did not invoke the specific process designated in the Court's Protective Order for challenging a designation of classified information, including Attorneys' Eyes Only, which requires an effort to "resolve the dispute in good faith on an informal basis."  *See* Dkt. No. 18 at 7.  Rather, Plaintiffs' counsel filed their Response challenging the protected status of the classified information without any attempt to confer.  Indeed, in initially stating their opposition to Defendants' Motion for Leave to File Under Seal, Plaintiffs' counsel's only reason provided was that they "oppose the award of fees generally."

Finally, Plaintiffs appear to challenge the sealing of Exhibit A because the attachments to the declaration are accessible to the public. Defendants did not and do not claim that the attachments to the declaration – law firm biographies of the counsel who billed time in responding to Plaintiffs' Motion for Leave to File an Amended Complaint – were Attorneys' Eyes Only or Confidential. In fact, Plaintiffs admit this by noting that the filed attachments bore no confidentiality stamp or indication of protection. *See* Dkt. No. 33 at 4-5. Because the attachments are to the declaration, which is highly confidential and properly marked as Attorneys' Eyes Only, Defendants filed the attachments with the declaration so that they accompanied the document that served as their foundation. This was not done in an attempt to claim confidentiality or privilege to the attachments, but rather to not separate attachments from their evidentiary basis.

In sum, the Declaration of Laura E. O'Donnell should be filed under seal to protect the highly confidential pricing and billing information between Defendants' counsel and Defendants, in accordance with the Court's Protective Order, and in furtherance of the Court's instruction for Defendants to submit a request for attorneys' fees due to Plaintiffs' counsel's failure to appear at a hearing on their own Motion for Leave. *See* Dkt. No. 27.

Accordingly, Defendants request that the Court grant their Motion for Leave to File Under Seal, file Exhibit A under seal, and for any other and further relief to which Defendants are entitled.

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**MOTION FOR LEAVE TO FILE UNDER SEAL**     **PAGE 3**

Dated: December 14, 2020                              Respectfully submitted,

**HAYNES AND BOONE, LLP**

*/s/ Jennifer Beth Ingram*
Laura E. O'Donnell
Texas State Bar No. 00797477
Jennifer Beth Ingram
Texas State Bar No. 24038972
Paloma Ahmadi
Texas State Bar No. 24088714
112 East Pecan Street, Suite 1200
San Antonio, Texas 78205
Telephone: (210) 978-7421
Facsimile: (210) 554-0421
laura.odonnell@haynesboone.com
jennifer.ingram@haynesboone.com
paloma.ahmadi@haynesboone.com

Melissa M. Goodman
Texas State Bar No. 00790648
HAYNES AND BOONE, LLP
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
melissa.goodman@haynesboone.com

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on December 14, 2020, I served the foregoing Reply upon all parties and/or counsel of record, via CM/ECF to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Jennifer Beth Ingram*
Jennifer Beth Ingram