IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CEDRIC HARRINGTON *ET AL.* | § § § | |
| *Plaintiffs*, | § § | 5-20-CV-00770-JKP-RBF |
| vs. | § § § | |
| SOUTHWESTERN BELL TELEPHONE L.P., AT&T SERVICES, INC., | § § § § | |
| *Defendants*. | § § § | |

**ORDER**

Before the Court are: (1) Defendants' Motion for Attorneys' Fee Award, Dkt. No. 31; (2) Defendants' Motion for Leave to File Under Seal, Dkt. No. 32; (3) Plaintiffs' Motion for Leave to File Brief in Excess of Ten Page Limit, Dkt. No. 38; and (4) Defendants' Unopposed Motion for Leave to Exceed Page Limitations, Dkt. No. 39. This case was referred for resolution of all nondispositive matters—including the aforementioned motions—pursuant to Rules CV-72 and 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. No. 6. On February 2, 2021, the Court held a hearing on the motions at which all parties appeared through counsel of record.

For the reasons stated on the record at the February 2 hearing, **IT IS ORDERED THAT**:

- Defendants' Motion for Attorneys' Fee Award, Dkt. No. 31, is **HELD IN ABEYANCE**.

- Defendants' Motion for Leave to File Under Seal, Dkt. No. 32, is **GRANTED IN PART**. The Clerk is instructed to place Dkt. No. 32-2 under seal. Within **ten (10) days** from the date of this Order, however, Defendants shall file a redacted version of Dkt. No. 32-1 for the public record.

1

- Plaintiffs' Motion for Leave to File Brief in Excess of Ten Page Limit, Dkt. No. 38; is **GRANTED**.

- Defendants' Unopposed Motion for Leave to Exceed Page Limitations, Dkt. No. 39, is **GRANTED**.

A note is warranted on the propriety of an award of attorney's under Rule 16, where a court has not made an express finding of bad faith. Rule 16(f) provides, as follows:

> (f) Sanctions.
>
> > (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
> >
> > > (A) fails to appear at a scheduling or other pretrial conference;
> > >
> > > (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> > >
> > > (C) fails to obey a scheduling or other pretrial order.
> >
> > (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16. By its plain text, Rule 16(f)(2) *requires* payment of "reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule." *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming Rule 16(f) sanctions); *Ikerd v. Lacy*, 852 F.2d 1256, 1258 (10th Cir. 1988) (same).

The Court looked into this issue briefly after the hearing. The answer, it turns out, is straightforward, as urged by counsel for Southwestern Bell and AT&T and confirmed by various authorities including a leading treatise on the federal rules:

> In deciding whether a sanction [under Rule 16(f)] is merited, *the court need not find that the party acted in bad faith*.[] The fact that a pretrial order was violated is sufficient to allow some sanction. Of course, the harshness of the particular sanction ordered may depend on whether the court feels that the party acted improperly or recklessly. Additionally, when determining whether to impose fees

>or costs, the rule specifically notes that that sanction should not be used if the court determines that noncompliance was "substantially justified" or if there are other circumstances making the award of expenses "unjust."

6A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1531 (3d ed. 2020) (footnote omitted and emphasis added); *see also Ayers*, 895 F.2d at 1270; *Ikerd*, 852 F.2d at 1258. The treatise explains that the "1983 amendments to Rule 16 added a new subdivision (f) dealing with sanctions for failure to comply with the rule. Although courts had used their inherent power to impose sanctions under the original rule, the amended rule now contains explicit authority for doing so[] and thus reinforces the rule's intention to encourage forceful judicial management." Wright & Miller, Federal Practice and Procedure § 1531 (footnote and quotation omitted). On this backdrop, Plaintiffs' Response in Opposition to Defendants' Motion for Attorneys' Fee Award can properly be evaluated. *See* Dkt. No. 38-1.

Plaintiffs' Response lacks merit and is wrong as a matter of fact and law. Factually, the Response urges that the "crime" committed here was "logging into the teleconference hearing eighteen minutes late and three minutes after the hearing ended." In truth, however, Plaintiffs (through counsel) failed to appear timely for a scheduled hearing in contravention of an Order of the Court. Counsel for Plaintiffs learned of the hearing because the Court telephoned them while waiting patiently (for approximately 10 minutes) for them to appear. The Court proceeded with the hearing after leaving a message for counsel. The chutzpah demonstrated in arguing to the Court that counsel were merely a little "late" under these facts informs the Court's assessment of counsel's credibility. Also informing that assessment is the Response's representation of the governing law on the award of attorney's fees under Rule 16(f).

On the law, the Response argues with much vigor and little effect—and in complete disagreement with Wright & Miller—that "authority to impose sanctions for failure to attend a hearing, in contravention of a District Court's order to appear, pursuant to Rule 16(f)(1) and Rule 37(b)(2)(A)(iii), 'flows from the court's inherent power to control its docket.'" *Id*. at 3 (quoting *Boudwin v. Graystone Ins. Co., Ltd*., 756 F.2d 399, 401 (5th Cir. 1985)). The primary authority for this statement, *Boudwin*, involved dismissal of an action under Rule 41(b) for failure to prosecute, not the imposition of an award of attorney's fees under Rule 16(f). 756 F.2d at 401. The *Boudwin* opinion in fact never mentions Rule 16. The Response next goes on to urge that the imposition of sanctions under Rule 16(f) requires that "'a court must make a specific finding that the [party] acted in 'bad faith or in willful abuse of the judicial process." Dkt. No. 38-1 (Resp.) at 4 (citing *Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998). The case cited in support, *Crowe*, involved various sanctions imposed under the court's inherent power, including a $5-million fine, a $75,000 fine, two attorney suspensions, and a reprimand. The *Crowe* opinion also never mentions Rule 16.

A final note on what fees could be included is also warranted. Here, Plaintiffs filed a bare-bones motion that elicited a lengthy response that revealed significant information that by all rights should have been included in the motion. The reply, in turn, offered little insight and failed to take issue with the response. Nor did plaintiffs file a motion to request additional time or space in which to address the response's arguments. Seeing a disconnect in the parties' positions, the Court set the matter for a hearing. Plaintiffs' failure to appear at that hearing to defend its own motion implicates the time and effort spent not only in preparing for and attending the hearing but also in

4

researching and drafting the motion. Plaintiffs didn't no-show at a status conference or initial pretrial conference; they never showed up at a hearing set to address the substance of their own motion. The preparation for that hearing, in other words, involved all of the substantive briefing leading up to the actual hearing.

**IT IS SO ORDERED**.

SIGNED this 3rd day of February, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE