UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CEDRIC HARRINGTON, CHAR-
LOTTE BRIGHAM, EDNA DIEU-
DONNE, SHERRY BENSON,
SHIRLYN STARKS,**

  *Plaintiffs*,

v.

**SOUTHWESTERN BELL TELE-
PHONE L.P., AT&T SERVICES, INC.,**

  *Defendants*.

Case No.  SA-20-CV-00770-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court are the parties' competing Motions for Summary Judgment. Plaintiffs filed a Motion for Partial Summary Judgement, and Defendants responded. *ECF Nos. 76,93,102*. Defendants filed a Motion for Summary Judgment, and Plaintiffs Responded. *ECF Nos. 71,86,98*. Defendants also filed Objections to Plaintiffs' summary judgment evidence, and Plaintiffs responded. *ECF Nos. 92,97,105,106*. Upon consideration, the Court concludes Plaintiffs' Motion for Partial Summary Judgment is **DENIED.** Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART.** Defendants' objections to Plaintiffs' summary judgment evidence are **DENIED** as moot.

### Undisputed Background Facts

Plaintiffs were all former opt-in plaintiffs in a decertified FLSA collective action filed in the United States District Court for the Northern District of Texas styled, *Mosley-Lovings v. AT&T Corp.*, No. 3:18-cv-01145-B (N.D. Tex., July 31, 2020), decertified on Apr. 6, 2020 ("the

*Mosley-Lovings*" suit). In the *Mosley-Lovings* suit, the collective plaintiffs alleged the same violations of the Fair Labor Standards Act (FLSA) based upon the same underlying factual basis and against the same Defendants as asserted in this action. *See Mosley-Lovings*, No. 3:18-cv-01145-B, Complaint, *ECF No. 21*. Upon the request of the collective plaintiffs and upon agreement the plaintiffs would pursue individual actions in groups of less than 10, the Court decertified the *Mosley-Lovings* suit as a collective action. These Plaintiffs subsequently filed this action in this Court.[1] All Plaintiffs worked in AT&T's Dallas-Fort Worth call center until it closed in 2018, at which time they all relocated to AT&T's San Antonio call center.

Plaintiffs bring this action asserting Southwestern Bell and AT&T Services, Inc. (collectively "AT&T") violated the FLSA by failing to pay them for unreported overtime work. Plaintiffs are present and former call center employees of AT&T Services and work in the position of Revenue Management Representative ("RMRs"). Plaintiffs' primary task is to take incoming calls from customers regarding billing or collections. While scheduled to work forty (40) hours per week, Plaintiffs regularly worked past their scheduled shifts because AT&T required RMRs to finish a service call that began during their shift, and RMRs were not allowed to remove themselves from the call queue prior to the conclusion of their shift. During the time relevant to this action, AT&T required RMRs to self-report any time worked in excess of their assigned shift, which could be accomplished in several ways. During the time relevant to this action, AT&T al-

---

[1] In addition to this action, several other related actions with different named Plaintiffs were filed in this Court: *Kirby, et al. v. Southwestern Bell Telephone L.P., et al.*, 5:20-cv-00683-JKP; *Sams, et al. v. Southwestern Bell Telephone L.P., et al.*, 5:20-cv-00684-JKP; *Richards, et al. v. Southwestern Bell Telephone L.P., et al.*, 5:20-cv-00685-JKP, and; *Pittman et al. v. Southwestern Bell Telephone L.P., et al.*, 5:20-cv-01262-XR. Further, several other related actions are pending in the Northern District of Texas. The *Mosley-Lovings* suit concluded following a jury trial, which returned a defense verdict.

so adhered to two relevant timekeeping policies: (1) a trade-time policy; and (2) an exception timekeeping policy.[2]

First, under AT&T's trade-time policy, and as directed by Plaintiffs' Collective Bargaining Agreement (CBA), if the time an RMR worked beyond the scheduled shift was less than ten (10) minutes, the variance was treated as "Trade Time." With Trade Time, the RMR must report the overtime worked and "trade out" this extra time on a subsequent work day in that same week. For example, an RMR who worked nine minutes after their shift on a Monday must report that time and would be provided a schedule adjustment within the same work week to either arrive nine minutes late, have nine minutes added before or after a break or lunch, or leave work early by nine minutes. This Trade Time was "not accounted for on work reports."

Time worked beyond any shift that amounted to ten (10) minutes or more was not treated as Trade Time. Pursuant to Plaintiffs' CBA, an RMR was paid at one-and-one-half times the individuals' regular pay for overtime work beyond Trade Time. Under the CBA, if an RMR had fewer than 10 minutes of additional work time on the last day of the week, or Trade Time not used during the designated week, or other overtime worked, AT&T paid that employee for this time at the overtime rate.

Next, under AT&T's exception timekeeping policy, RMRs were required to self-report any Trade Time and overtime worked. RMR employees were paid based on their scheduled shifts and were to report any time worked outside their scheduled shift to receive Trade Time or appropriate overtime pay. The RMRs were required to self-report any Trade Time or overtime worked and must do so while at AT&T's work facility, prior to leaving for that shift. If an RMR

---

[2] AT&T's current timekeeping policies in coherence with Plaintiffs' CBA are different than those utilized during the relevant time.

failed to report Trade Time or overtime, this variance was lost and could not be accounted for through Trade Time or overtime pay.

At the same time, AT&T utilized three computer programs to facilitate an RMR's duties and to track an RMR's time worked: "IEX", "CTI", and "HVD." At the beginning of each shift, to activate their workstation telephone, RMRs utilized a software program called "CTI". From this program, the RMRs tapped into the nationwide call queue and controlled the task of receiving incoming calls from AT&T customers. The RMRs work schedules were contained in a computer calendar platform called "IEX". The IEX calendar reflected an RMR's planned shift schedule for any day. HVD data was a "hosted virtual desktop" system that captured all login and logout data of an RMR's computer. The data in these programs tracked how long an RMR was logged into the computer or using a phone. In the call centers in which Plaintiffs worked, a "Force Team" utilized this sign-in and computer-use data to monitor the RMRs' adherence to their assigned shift schedules, code variances, and adjust shift schedules when an RMR self-reported Trade Time.

### Plaintiffs' Allegations

Based upon these undisputed facts, Plaintiffs allege they consistently worked more than 40 hours a week; however, either failed to report the Trade Time and overtime due to the time and inconvenience this reporting required of them prior to leaving, or they were unable to report it during the assigned shift. Plaintiffs allege the exception timekeeping policy inherently discouraged and precluded the reporting of Trade Time and overtime worked by requiring the RMRs to self-report this time before leaving because it was difficult and inconvenient.

Plaintiffs allege A&T violated the FLSA by not paying them the appropriate overtime pay due them for this unreported Trade Time and overtime (collectively referred to as "Unre-

ported Call Time"). Because all Unreported Call Time is clearly reflected in the CTI and HVD systems and the Force Team monitored these systems to ensure Plaintiffs adhered to their scheduled work shifts, Plaintiffs contend AT&T could have also utilized these systems to monitor and determine Trade Time and overtime worked, but not reported. Based upon knowledge imputed by use of these computer systems regarding their hours worked and paid, Plaintiffs contend AT&T had actual and constructive knowledge Plaintiffs were not being paid for Unreported Call Time and should have paid them accordingly. Further Plaintiffs contend AT&T knew they consistently worked beyond their scheduled shifts due to the nature of their work handling service calls in conjunction with AT&T's policies requiring RMRs to complete all calls that proceed beyond the end of their shift and requiring RMRs to remain in the call queue until the end of their shift.

## Legal Standards

1. **Summary Judgment**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[3] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because

---

[3] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014)(internal citation omitted). To be entitled to summary judgment on its own cause of action, a plaintiff must show there is no genuine dispute of material fact and establish each element of its cause of action as a matter of law. *Fontenot v. Upjohn Co*., 780 F.2 1190, 1194 (5th Cir. 1986).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not suffi-

cient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, Civil Action No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).

### 2. Fair Labor Standards Act

Under the FLSA an employer shall pay covered employees overtime compensation that is not less than one and one-half times that employee's regular rate for all hours worked over forty in one workweek. 29 U.S.C. § 207(a)(1). To prove violation of the FLSA, an employee who seeks unpaid overtime must demonstrate: (1) there existed an employer-employee relationship during the relevant unpaid overtime periods; (2) the employee engaged in activities within the

7

coverage of the FLSA; (3) the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014); *Mosley-Lovings v. AT&T Corp.*, 3:18-CV-01145-X, 2020 WL 6865785, at *2 (N.D. Tex. July 31, 2020). Once the employee establishes these elements, the burden shifts to the employer to "come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the employee's evidence." *Johnson*, 758 F.3d at 630; *Mosley-Lovings v. AT&T Corp.*, 2020 WL 6865785, at *2.

## Discussion

### Southwestern Bell Defendant

Defendants seek summary judgment on Plaintiffs' FLSA cause of action asserted against Defendant Southwestern Bell Telephone, L.P., also known as AT&T Communications of Texas, LLC, also known as AT&T Southwest ("Southwestern Bell"), asserting this entity was never an employer of Plaintiffs. Consequently, Plaintiffs cannot satisfy the first element of the FLSA cause of action as asserted against Southwestern Bell. Plaintiffs do not respond to this summary judgment argument and otherwise admit in the summary judgment evidence that AT&T Services, Inc. was their only employer during the time relevant to this action.

The Court concludes the summary judgment evidence and Plaintiffs' admissions demonstrate Southwestern Bell was not any of Plaintiffs' employer. For this reason, the Court concludes Defendants' Motion for Summary Judgment as it pertains to Southwestern Bell should be granted.

### Cross Motions for Summary Judgment

### (1) The Parties' Arguments

The parties do not contest the first or second elements of Plaintiffs' FLSA cause of action: whether Plaintiffs were employees of AT&T during the relevant periods and whether Plaintiffs engaged in activities within the coverage of the FLSA. In these Cross Motions for Summary Judgment, the parties seek summary judgment on only the third element: whether AT&T violated the FLSA's overtime wage requirements. The parties do not discuss and leave open the fourth element: the amount of any overtime compensation due.

The Court notes the Motions for Summary Judgment presented are comparable to those filed in the *Mosley-Lovings* suit. In *Mosley-Lovings,* the Plaintiff and AT&T presented similar summary judgment arguments based upon the same underlying factual basis as in this case. *Mosley Lovings*, 2020 WL 6865785, at *1-3. The *Mosley-Lovings* Court denied both party's competing Motions for Summary Judgment on the issue of AT&T's liability, finding a genuine dispute of material fact existed whether AT&T had actual or constructive knowledge that Mosley-Loving was working unpaid overtime. *Id.* at *3-4. While this Court recognizes the summary judgment evidence presented in the *Mosley-Lovings* suit was different than that presented here, since it pertained to a different plaintiff, this Court does find the *Mosley-Lovings* case instructive on the relevant case law and finds the *Mosley-Lovings* Court's reasoning persuasive. As in *Mosley-Lovings*, this Court will discuss both parties' competing Motions for Summary Judgment together, as they both seek summary judgment on the sole issue whether AT&T violated the FLSA.

Plaintiffs contend they are entitled to summary judgment because the undisputed facts show AT&T held actual and constructive knowledge they consistently worked Unreported Call Time, and thus, the FLSA required AT&T to pay them at the overtime rate for this Unreported

9

Call Time as a matter of law. Plaintiffs contend the CTI, IEX, and HVD computer systems utilized to monitor their adherence to their work schedules and the time spent on customer service calls, in conjunction with the knowledge of what time they were actually paid for, imputed actual and constructive knowledge that they were not being properly compensated. Plaintiffs contend this knowledge triggered AT&T's responsibility to pay them for Unreported Call Time under the FLSA.

AT&T responds it is entitled to summary judgment because, as a matter of law, Plaintiffs cannot establish it held actual or constructive knowledge that they were not reporting Trade Time and overtime, thereby triggering its responsibility to pay them overtime for this Unreported Call Time. Citing Fifth Circuit precedent, AT&T argues the IEX, CTI, and HVD data are insufficient evidence, as a matter of law, to establish it held actual or constructive knowledge that Plaintiffs consistently worked unreported and uncompensated overtime. AT&T contends Plaintiffs cannot impute constructive or actual knowledge as a matter of law based upon its computer records, alone, and fail to present any other competent summary judgment evidence to raise a genuine dispute of material fact on this issue.

Thus, the parties' primary dispute and arguments presented in the competing motions for summary judgment are whether AT&T had actual or constructive knowledge that Plaintiffs were working Unreported Call Time to trigger the FLSA requirement that it pay the Plaintiffs for this Unreported Call Time at the overtime rate.

**(2) Applicable Law**

An employee "cannot prevail on an FLSA overtime claim if that 'employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work.'" *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 964 (5th Cir.

2016)(quoting *Harvill v Westward Commc'ns, L.L.C.,* 433 F.3d 428, 441 (5th Cir. 2005) and *Newton v. City of Henderson*, 47 F.3d 745, 748 (5th Cir. 1995)). The *Mosley Lovings* Court monikered this rule as the "no report, no recovery rule". *Mosley Lovings*, 2020 WL 6865785, at *4. On the other hand, "[a]n employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Fairchild,* 815 F.3d at 964; *Mosley Lovings*, 2020 WL 6865785, at *4. The Mosley Lovings Court monikered this rule as the "if you see it, you must pay it" rule. *Mosley Lovings*, 2020 WL 6865785, at *4.

The *Newton* Court resolved the apparent conflict between the "no report, no recovery" and the "if you see it, you must pay it" rules acknowledging "an employee would not be estopped from claiming additional overtime if '[t]he court found that the employer knew or had reason to believe that the reported information was inaccurate.'" *Newton,* 47 F.3d at 749 (quoting *Bumbelow v. Quality Mills, Inc.,* 462 F.2d 1324, 1327 (5th Cir. 1972); *Mosley Lovings*, 2020 WL 6865785, at *4. The *Newton* Court held indirect evidence of overtime in the possession of an employer does not qualify as actual or constructive knowledge to trigger the "if you see it, you must pay it" rule, and a plaintiff must present more than indirect evidence to overcome the initial "no report, no recovery" rule. *Newton,* 47 F.3d at 748-49; *Mosley Lovings*, 2020 WL 6865785, at *4. Consequently, the "no report, no recovery" rule applies unless the plaintiff can provide direct evidence their employer had actual or constructive knowledge that they worked unpaid overtime. *Newton,* 47 F.3d at 748-49; *Mosley Lovings*, 2020 WL 6865785, at *4. "If there is direct evidence of actual or constructive knowledge, then the 'if you see it you must pay it' rule is triggered." *Mosley Lovings*, 2020 WL 6865785, at *4; *see also Newton*,47 F.3d at 748-49.

### (3) Application

With this instruction, this Court looks to the summary judgment evidence presented in this case. First, Plaintiffs contend the IEX, CTI, and HVD data imposed actual and constructive knowledge on AT&T. With this computer data in its possession, Plaintiffs contend AT&T knew or should have known they were working overtime, but not reporting or being paid appropriately.

This argument is clearly dispelled by *Fairchild* and *Newton*. In *Fairchild*, the Plaintiff argued "computer usage reports, which allegedly show she was working after 'clocking out,' proves that [her employer] had constructive knowledge that she was working overtime." *Fairchild,* 815 F.3d at 965. As in *Newton*, the *Fairchild* Court found this argument "unavailing" and held, although her employer "could have potentially discovered that she was working overtime based on the usage reports, 'the question here is whether [the employer] should have known.'" *Id.* (quoting *Newton,* 47 F.3d at 749). "[M]ere 'access' to this information is insufficient for imputing constructive knowledge" that an employee was working overtime to trigger the "if you see it you must pay it" obligation. *Fairchild,* 815 F.3d at 965; *Newton*, 47 F.3d at 749; *Mosley Lovings*, 2020 WL 6865785, at *3-4.

Consequently, the computer data pertaining to the exact hours Plaintiffs worked compared to what they were paid that was reflected in AT&T's CTI, IEX and HVD programs, alone, is insufficient as a matter of law to establish actual or constructive knowledge to trigger AT&T's obligation to pay Plaintiffs overtime. Plaintiffs must present more direct evidence to confirm AT&T was actually or constructively aware they were working uncompensated Unreported Call Time for which it should pay them at the overtime rate. *See Fairchild*, 815 F.3d at 965; *Mosley Lovings*, 2020 WL 6865785, at *3.

To make this showing of actual or constructive knowledge beyond the computer data, Plaintiffs present summary judgment evidence consisting of the deposition testimony of Eric Staten, Associate Director of Credit and Collections in the San Antonio Call Center and Roel Quiroga, a senior manager of a ForceTeam.

In his deposition, Eric Staten admitted a general awareness that RMRs worked overtime due to the nature of their job, and RMRs were "not perfect", or completely accurate, in reporting their Trade Time or overtime at the end of a shift. *ECF No. 76, Exh. F, p. 43:7-17; pp. 43:23-44:12; 50:3-24; 51:19-52:2*. Staten stated AT&T did not require or ensure RMRs accurately report Trade Time or overtime because RMRs were aware of AT&T's policy that it was their responsibility to report this overtime, and "we do highly discourage that for them not to report because we make it easy for them to report." *Id. at pp. 43:23-44:5; 49:13-50:24, 51:19-52:2*. Despite his general awareness that RMR's reporting of Trade Time and overtime may not be accurate, Staten stated he did not, on his own volition or at the direction of AT&T, conduct an audit to determine the accuracy of RMR timekeeping of any overtime. *Id. at pp. 43:7-44:12; 51:8-52:2.*

Roel Quiroga also admitted to a general knowledge that RMRs were not perfect in reporting all Trade Time and overtime and for this reason the reported time could be inaccurate. *ECF No. 76, Quiroga Depo., Exh. L, pp. 57:12-58:10.* Further, a reasonable juror could infer from Quiroga's answers that he was aware RMRs consistently worked past the end of their shifts. *See id*. Despite his general awareness that RMR's reporting of Trade Time and overtime may not be accurate, Quiroga stated he did not, on his own volition or at the direction of AT&T, conduct an audit to determine the accuracy of RMR timekeeping of any overtime. *Id. at pp. 54:8-55:3; 58:14-22.*

With this summary judgment evidence, Plaintiffs provide what a reasonable juror could construe as direct evidence that AT&T had actual or constructive knowledge that RMRs worked Unreported Call Time that could trigger its obligation under the FLSA to investigate or pay appropriate overtime. With regard to both Plaintiffs' Motion for Summary Judgement and AT&T's Motion for Summary Judgement, this evidence sufficiently raises a genuine dispute of material fact as to whether AT&T was on notice that Plaintiffs were working Unreported Call Time that must be determined by the ultimate fact-finder. Because a reasonable juror could conclude this is direct evidence of constructive knowledge, this evidence is sufficient to raise a genuine dispute of material fact whether Plaintiffs can proceed past the "no report, no recovery" hurdle and would allow the jury to determine whether AT&T was armed with knowledge that RMRs worked overtime, even though these employees did not report the overtime, to trigger the "if you see it, you must pay it" rule. *See Fairchild,* 815 F.3d at 964; *Mosley Lovings*, 2020 WL 6865785, at *3-*4. This evidence does not satisfy Plaintiffs' burden to warrant summary judgment in their favor as a matter of law.

**AT&T's Motion for Summary Judgement: *De Minimus* Overtime**

AT&T seeks summary judgment on an independent theory, arguing, even if the Court accepts Plaintiffs' arguments as true, the summary judgment evidence reveals the alleged Unreported Call Time for each Plaintiff which supports this cause of action is *de minimis*, and the FLSA does not require compensation for *de minimis* overtime. For this reason, AT&T contends it is entitled to summary judgment as a matter of law.

The Federal Regulations interpreting the FLSA create what courts construe as "the *de minimis* doctrine":

> In recording working time under the [FLSA], insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded. The courts have held that such trifles are de minimis. (Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946)) This rule applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where the failure to count such time is due to considerations justified by industrial realities. An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him.

29 C.F.R. § 785.47. Courts consider four factors to determine whether alleged unpaid work time is *de minimis* as a matter of law: "(1) the amount of daily time spent on the additional work; (2) the administrative difficulty in recording the time; (3) the size of the aggregate claim; and (4) the regularity of the work." *Prince v. MND Hosp., Inc*., CIV A H-08-2617, 2009 WL 2170042, at *12 (S.D.Tex. July 20, 2009)(quoting *Anderson v. Pilgrim's Pride Corp.,* 147 F.Supp.2d 556, 564 (E.D.Tex. 2001) (citation omitted)).

Under these undisputed facts, AT&T's argument must fail by the very terms of the *de minimis* doctrine as stated in the Federal Regulation. In particular, AT&T cannot establish the second factor of the court-established test.

First, the undisputed facts reveal the Unreported Call Time, that is, the time Plaintiffs worked in excess of their scheduled working hours, can be "precisely recorded for payroll purposes." The basis of AT&T's defense in this action is its failure to pay Plaintiffs for the Unreported Call Time is due to Plaintiffs' failure to self-report the overtime. Thereby, AT&T admits the Unreported Call Time can be precisely recorded for payroll purposes. Next, the undisputed facts reveal the Unreported Call Time in dispute is not "uncertain and indefinite" and AT&T's failure to pay Plaintiffs for such time is not "due to considerations justified by industrial realities." Rather, the time RMRs allege they spent on Unreported Call Time is certain and definite,

and the Unreported Call Time was not incidental or justified by industrial realities, but rather was required as part of RMRs' assigned work duties. Finally, the undisputed facts reveal the Unreported Call Time for which Plaintiffs seek overtime pay is "fixed or regular working time or practically ascertainable period of time" for which AT&T "regularly required [the RMRs] to spend on duties assigned to [them]." Consequently, under the terms of the *de minimis* doctrine, AT&T "may not arbitrarily fail to count as hours worked any part, however small, of the [RMRs'] fixed or regular working time or practically ascertainable period of time [they were] regularly required to spend on duties assigned to [them]." *See Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415-1416 (5th Cir. 1990), *abrogated on other grounds* by *Integrity Staffing Sols., Inc. v. Buske*, 574 U.S. 27 (2014), *superseded by statute on other grounds* as stated in *Bridges v. Empire Scaffold, L.L.C.*, 875 F.3d 222, 227-28 (5th Cir. 2017).

Accordingly, based upon the undisputed facts, the Court finds AT&T cannot establish Plaintiffs' Unreported Call Time for which they seek overtime pay under the FLSA was *de minimis* as a matter of law. Therefore, AT&T's motion for summary judgment on this basis must fail. *See* 29 C.F.R. § 785.47.

**<u>Objections to Plaintiffs' Summary Judgment Evidence</u>**

AT&T objects to Plaintiffs' summary judgment evidence consisting of the affidavit of Pongpak Deepipat and chart appended thereto as well as depositions from other proceedings. AT&T's objections are DENIED as moot, as the Court did not consider this summary judgment evidence in determination of the parties' cross Motions for Summary Judgment.

### Conclusion

For the reasons stated, the Court **DENIES** Plaintiffs' Motion for Partial Summary Judgement. The Court **GRANTS IN PART and DENIES IN PART** the Defendants' Motion for Summary Judgment. In that, the Defendants' Motion for Summary Judgement is **DENIED** as it pertains to AT&T Services, Inc. and **GRANTED** as it pertains to Southwestern Bell Telephone, L.P. The Court **DISMISSES WITH PREJUDICE** all claims against Southwestern Bell Telephone, L.P., also known as AT&T Communications of Texas, LLC, also known as AT&T Southwest. The Court **DENIES as moot** AT&T's objections to Plaintiffs' summary judgment evidence.

The Clerk of Court is instructed to change the style of the case to reflect AT&T Services, Inc. as the only Defendant.

It is so ORDERED.
SIGNED this 28th day of September, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE